## Abstract of the Decision.

1. CHATTEL MORTGAGES, § 68*—*when acknowledgment insufficient.* Where a chattel mortgage is not acknowledged by one of the mortgagors, it will not be effective as against the claim of a third party.

2. CHATTEL MORTGAGES, § 36*—*when statement as to maturity of note defective.* A provision in a chattel mortgage that the note secured thereby "became due and payable on or before 35 months after date of option of the legal holder thereof," *held* to state no time for the maturity of the debt and to constitute a defect of which a third party may take advantage.

3. REPLEVIN, § 44*—*necessity of demand.* Where defendant is in possession of goods, under a distress warrant, his possession is lawful and a demand is necessary before replevin can be brought.

## George F. Schumann, Defendant in Error, v. Neal Karl Eikoos, Plaintiff in Error.

### Gen. No. 19,994. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN COURT-NEY, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed November 9, 1914.

## Statement of the Case.

Action by George F. Schumann against Neal Karl Eikoos. Plaintiff in his statement of claim alleged that his claim was for groceries and meats sold and delivered to defendant at his request by certain business firms, giving their names. Summons was served on defendant, who was defaulted for failure to appear, and judgment for plaintiff was entered for the amount claimed. Subsequently, defendant petitioned the court to set aside the default and to vacate the judgment, claiming that he had had no dealings with plaintiff.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Plaintiff answered that at the time he commenced suit he was the owner by assignments of the claims mentioned in his statement of claim, and on motion he was given leave to file the assignments, which was done, and thereupon the court denied defendant's motion to vacate the judgment. To reverse the judgment, defendant prosecutes a writ of error.

SAMUEL G. GRODSON, for plaintiff in error.

WILLIAM H. TATGE, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

APPEAL AND ERROR, § 1573*—*when irregularity in proceeding to vacate default judgment not reversible error.* On petition to vacate a default judgment, where it appeared that plaintiff sought to recover as assignee of choses of action but had not complied with the statute in alleging that he was the actual bona fide holder thereof or how and when he acquired title, *held* that the action of the court in allowing plaintiff to file the assignments of the claims sued on and thereupon denying the motion to vacate, though irregular, was not reversible error where the validity of the assignments was not questioned and there was no claim of any defense to the demands on the merits.

---

### Herbert Miller by Fred Miller, Defendant in Error, v. Mrs. Frank G. Spreyne et al., Plaintiffs in Error.

### Gen. No. 20,108. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN R. CAVERLY, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed November 9, 1914.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.